FILED

2007 AUG -7 PM 12:00

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ NP __DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ARTHUR SCOTT BISSELL, | CASE NO. 06 CV 2384 JM |
|---|---|
| Petitioner, | **ORDER (1) DENYING MOTION TO DISMISS; AND (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| L. E. SCRIBNER, Warden, et al., | |
| Respondent. | |

## INTRODUCTION

Arthur Scott Bissell ("Bissell") is a pro per petitioner proceeding in forma pauperis. On October 26, 2006 Bissell filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the no visitation provision order imposed on him pursuant to California Penal Code section 1202.05, arguing that the order violates his First Amendment rights to associate with his daughter.

## BACKGROUND

Bissell has a history of child molestation. In 1986 Bissell molested a friend's daughter numerous times while babysitting. He was convicted in 1986 of committing a lewd act on a child under the age of 14 in violation of California Penal Code section 288 and sentenced to six years incarceration.

1    In 2004 Bissell's estranged wife reported to the police that Bissell had molested
2  their four-year old daughter, and in September 2004 Bissell was convicted under
3  California Penal Code section 288.  Because of the previous section 288 conviction
4  Bissell was sentenced to 29 years in prison.  The trial court ordered Bissell not to have
5  any direct contact with his estranged wife or his daughter.  On appeal, Bissell claimed
6  that the trial court order violated his right to due process under the state and federal
7  constitutions.  The Court of Appeal modified the order, specifying that there be no
8  visitation between Bissell and his daughter pursuant to California Penal Code section
9  1202.05.

10   Bissell challenged the no visitation order in the California Supreme Court,
11 alleging it violates his fundamental constitutional rights. The California Supreme Court
12 denied Bissell's Petition for Review on November 30, 2005.  Bissell further challenged
13 the constitutionality of the no visitation order by filing a Petition for Writ of Certiorari
14 in the United States Supreme Court, which denied Bissell's Petition on October 2,
15 2006. On October 26, 2006 Bissell filed this Petition for Writ of Habeas Corpus under
16 28 U.S.C. § 2254, again challenging the constitutionality of California Penal Code
17 section 1202.05.

18

19 **MOTION TO DISMISS**

20   Respondents challenge Bissell's petition on the ground that his claim does not
21 "lie within the heart of habeas corpus," and therefore Bissell failed to state a claim
22 upon which relief may be granted under 28 U.S.C. § 2254. (Mem. P. & A. in Supp.
23 Mot. to Dismiss Pet. Habeas Corpus at 4.) The proper vehicle to bring Bissell's claim,
24 in Respondents' view, is a civil rights complaint under 42 U.S.C. § 1983.

25   Habeas petitions are the proper mechanism for a prisoner to challenge the
26 "legality or duration" of confinement, while a civil rights action is the proper method
27 of challenging "conditions of . . . confinement." Badea v. Cox, 931 F.2d 573, 574 (9th
28 Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)).  Habeas is used

1   to obtain release from unlawful physical confinement.  <u>Preiser</u>, 411 U.S. 475 at 485

2   (holding that depriving prisoners of good time credits constituted physical confinement

3   that fell within the core of habeas).

4        A petitioner is in confinement if he is under "physical restraint" where his

5   freedom is sufficiently restrained.  <u>Id.</u>  Thus, confinement for habeas purposes may

6   include such less obvious physical restraints as release on parole or on bail.[1]  <u>See</u>

7   <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968) (holding that petitioner properly sought

8   habeas relief even after release from custody, because as a consequence of his

9   conviction he suffered restrictions on voting, jury service, engaging in certain business

10  or serving as a labor union official); <u>Jones v. Cunningham</u>, 371 U.S. 236, 241-42

11  (1963) (holding that restrictions and conditions imposed by the parole order constituted

12  such significant restraints on petitioner's liberty that he was "in custody" within the

13  meaning of the federal habeas statute even after his release on parole).

14       Challenges to the legality of confinement include, among others, challenges on

15  the ground that the statute under which petitioner was convicted is unconstitutional.[2]

16  <u>Preiser</u>, 411 U.S. at 486.  When the asserted grievance involves an unlawful physical

17  restraint, habeas corpus is "the specific instrument to obtain release from such

18  confinement."  <u>Id.</u>  This is consistent with the proper habeas remedy, which is an

19  immediate or a more speedy release from custody.  <u>Id.</u> at 507.

20       Respondents argue that Bissell does not challenge the fact or duration of his

21  confinement, because his petition only addresses the no visitation restraint.  This,

22  however, is a narrow reading of the term "confinement."  Petitioner is indeed confined,

23  and as a part of that confinement is restrained from seeing his daughter.  Bissell

24  challenges the restraint on visitation which goes to the heart of his petition.  By seeking

25

26  [1] In fact, habeas petitions are not restricted to situations in which the applicant is in actual, physical custody.

27  [2] Other challenges to custody that may be brought under a habeas petition include a challenge
28  to a defective indictment, a challenge to unlawful confinement in the wrong institution, and unlawful
    detention by the Executive or the military, as well as unlawful revocation of parole.  <u>Preiser</u>, 411 U.S.
    at 486 (citations omitted).

1  to reverse the no visitation order he seeks immediate release from such restraint based
2  upon constitutional principles.  As such, Bissell's challenge "lies within the heart of
3  habeas corpus."

4        In sum, the motion to dismiss is DENIED.

5

6  **LEGAL STANDARDS**

7        Bissell's Petition for Writ of Habeas Corpus should be denied unless he can
8  demonstrate that the application of California Penal Code section 1202.05 violates
9  federal law.  A state prisoner can file a habeas corpus petition if his custody violates
10 the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).  A federal
11 habeas court may review the petition if the state court adjudication "resulted in a
12 decision that was contrary to, or involved an unreasonable application of, clearly
13 established Federal law, as determined by the Supreme Court of the United States." 28
14 U.S.C. § 2254(d)(1).

15       A decision can be contrary to the Supreme Court's precedent in two ways: (1) if
16 the state court arrives at a conclusion opposite to that reached by the Court on a
17 question of law, or (2) if the state court confronts facts that are materially
18 indistinguishable from a relevant Supreme Court precedent and arrives at the opposite
19 result.  Williams v. Taylor, 529 U.S. 362, 405 (2000).  A decision on a question of law
20 is contrary to the Supreme Court precedent if it is "substantially different from the
21 relevant precedent" or if the state court applies a rule that "contradicts the governing
22 law" set forth by the Supreme Court precedent.  Id.

23

24 **DISCUSSION**

25       Petitioner first argues that California Penal Code section 1202.05 violates his
26 First Amendment rights to associate with his daughter.[3]  (Petr's Mem. in Supp. of Pet.
27 for Writ of Habeas Corpus 10.)  Petitioner also argues that section 1202.05 is

28

---

[3] Petitioner's daughter was 4 years old in April, 2004.  She is 7 years old in 2007.

1   unconstitutional because it terminates his parental rights by restricting his visitation
2   rights.[4]   (Id. at 16.)   The court concludes that Petitioner fails to show that section
3   1202.05 contravenes established federal law.

4         Section 1202.05 prohibits any visitations between Bissell and his daughter, the
5   victim of the molestations:

6         Whenever a person is sentenced to the state prison on or after January 1,
      1993, for violating Section ... 288 ..., and the victim of one or more of
7         those offenses is a child under the age of 18 years, the court shall prohibit
      all visitation between the defendant and the child victim.
8

9   Cal. Penal Code § 1202.05 (West 2007).

10         Petitioner claims that section 1202.05 is unconstitutional because it terminates
11   his parental rights without due process of law.   The statute does not terminate Bissell's
12   parental rights; it merely places a restriction on prison visitation rights.   Furthermore,
13   once Bissell's daughter reaches the age of majority, she will be free to visit him if she
14   wishes to do so.   Petitioner's argument that section 1202.05 terminates his parental
15   rights is devoid of merit.

16         Petitioner's claim that section 1202.05 violates his constitutional rights to
17   associate with his daughter must also fail.   Although prison inmates enjoy the
18   protections of the Constitution, incarceration leads to a loss of many significant rights.
19   Gerber v. Hickman, 291 F.3d 617, 620 (9th Cir. 2002) (holding that a prisoner does not
20   have a constitutional right to procreate while incarcerated).   The state has the power to
21   impose reasonable prison visitation restrictions.   Freedom of association can be
22   curtailed during incarceration, since "the very object of imprisonment is confinement."
23   Overton v. Bazzetta, 539 U.S. 126, 136 (2003).

24         A prison regulation is reasonable if it has a valid and rational connection to a
25   legitimate governmental interest put forward to justify it.   Turner v. Safley, 482 U.S.
26   78, 89 (1987).   Prison visitation restrictions do not violate the prisoner's constitutional
27

28         [4] Petitioner also claims that the Notice of Motion to Dismiss was untimely filed by the
   Respondents.   (Petr's Opp'n to Mot. to Dismiss 2.)

1 | right of association if they "bear a rational relation to legitimate penological interests."
2 | Overton v. Bazzetta, 539 U.S. at 131-32 ("[R]estrictions on visitation by children . . .
3 | bear a rational relation to [state Department of Correction's] valid interests in
4 | maintaining internal security and protecting child visitors from exposure to sexual or
5 | other misconduct or from accidental injury.").

6 |       The state has valid penological objectives in prohibiting any contact between the
7 | convicted child molester and his victim.  There are several legitimate penological
8 | interests to support the visitation restriction imposed by section 1202.05 on convicted
9 | sex offenders: (1) protecting the child victim; (2) promoting internal security of the
10 | prison by reducing the total number of visitors; and (3) furthering of rehabilitation of
11 | convicted sex offenders like Bissell.  See Wirsching v. Colorado, 360 F.3d 1191, 1199-
12 | 1200 (10th Cir. 2004) (holding that prison regulation prohibiting visitation between a
13 | convicted sex offender and his child due to his refusal to participate in a treatment
14 | program was constitutionally valid).  The court in Wirsching upheld a restriction on
15 | visits from children who were not victims.  Here, Bissell asks for visitation from his
16 | daughter, who was also the victim of his crime.  The benefits derived from Bissell's
17 | contact with his victim, if any, are greatly outweighed by the risk of additional harm
18 | such visits may cause her.  The Supreme Court recognized that visits by children may
19 | create special problems, because children are "at risk of seeing or hearing harmful
20 | conduct" during visits to a prison.  Overton v. Bazzetta, 539 U.S. at 129.  Thus,
21 | "protecting children from harm is a legitimate goal." Id. at 133.  Clearly, the state of
22 | California had legitimate reasons for adopting the visitation restriction embodied in
23 | California Penal Code section 1202.05.

24 |       The legislative goal of California Penal Code section 1202.05 is to prevent
25 | further injury to the underage victims of sexual molestation, as best expressed in the
26 | historical statutory notes of the statute:

27 |     The Legislature hereby finds that child sexual abuse results in long-term emotional and psychological damage to the child victim if left untreated.
28 | Accordingly, to protect minor victims of sexual abuse from further psychological or emotional damage resulting from premature or

06cv2384

counter-therapeutic contact with their abusers who are inmates in the state prison, the Legislature declares that there should be no visitation between the defendant incarcerated in state prison for child sexual abuse and the child victim unless a juvenile court finds that such visitation is in the best interests of the child victim.

Section 1 of Stats.1992, c. 1008 (A.B.3560, § 2). Because the state has a legitimate interest in protecting the minor victims, section 1202.05 does not infringe a constitutional right of association.

Finally, although Bissell does not challenge the proportionality of his punishment in the Petition, the Court may nevertheless consider it in light of the fact that Bissell is not assisted by counsel. The application of section 1202.05 to Bissell is not so grossly disproportionate as to violate the Eighth Amendment. The Eighth Amendment "proscribes punishments grossly disproportionate to the severity of the crime." Estelle v. Gamble, 429 U.S. 97, 103 n.7 (1976) (citing Gregg v. Georgia, 428 U.S. 153, 173 (1976). Incarceration may involve a withdrawal of privileges. Overton v. Bazzetta, 539 U.S. at 136-37.

The restriction of section 1202.05 does not rise to the Eighth Amendment standards, because it does not "create inhumane prison conditions, deprive [a prisoner] of basic necessities, or fail to protect [his] health or safety." Id. at 137. Nor does the application of section 1202.05 impose a cruel and unusual condition of confinement in violation of the Eighth Amendment on Bissell; rather it furthers the legitimate state interest of protecting child victims while imposing an appropriate limitation on Bissell's visitation rights.

06cv2384

## CONCLUSION

For the foregoing reasons, the Petition is **DENIED with prejudice**.

**IT IS SO ORDERED.**

DATE: _August 6,_____, 2007

_____
**JEFFREY T. MILLER**
United States District Judge

- 8 -                                06cv2384